# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL NO. 101 PENSION FUND, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )     Case No. 05-953-CV-W-FJG ) |
| MYCO CONSTRUCTION CO., | ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Summary Judgment (Doc. # 9).

## I. BACKGROUND

Plaintiffs are the International Union of Operating Engineers Local No. 101, several multiemployer fringe-benefit plans operated on behalf of and for the benefit of the Union's members and the respective trustee's of the plans. This action is to recover unpaid fringe-benefit contributions and attendant damages, pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and1145 and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and to recover unpaid union membership dues and attendant damages, pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

Plaintiff states that defendant Myco was bound to a certain collective bargaining agreement with the Union and employed operating engineers who performed work covered under the agreement. This contract was in effect from April 1, 2002 through

March 31, 2006. Plaintiffs allege that Myco is obligated under the agreement to remit membership dues and fringe benefit contributions to the plaintiffs based on the number of payroll hours worked by employees covered by the agreement. Plaintiffs also allege that Myco failed to meet this obligation and is currently indebted to plaintiffs for all delinquent membership dues, fringe-benefit contributions and related damages. When an employer is delinquent in remitting fringe benefit contributions under the Individual Heavy Contractors agreement, the Funds may add ten percent to the amount due as liquidated damages. Each employer also agrees to pay interest, attorney's fees and costs incurred by the Funds in connection with litigation instituted to recover these amounts.

Myco completed and submitted Employer Contribution Reports for each work month from June 2005 through September 2005, however they did not submit any payment with these reports. According to the reports completed by defendant, total contributions of $113,755.90 were payable to plaintiffs for fringe benefits and dues based on covered work performed between June 2005 and September 2005. In February 2006, Myco remitted $35,033.97 to the Funds to cover the principal amount of fringe-benefit contributions for work performed under the collective bargaining agreement during June 2005. In April 2006, Myco remitted $26,904.34 to the Funds to cover the principal amount of contributions owed for work performed under the collective bargaining agreement during July 2005. Myco had not yet made payments for contributions for covered work performed on or after August 1, 2005. Additionally, Myco has not submitted payment for liquidated damages, interest, attorneys' fees or costs for the delinquent contributions that were made. Plaintiffs state that Myco is

currently indebted in the principal amount of $51,817.59. Additionally, Myco is liable for $11,375.61 or ten percent of the total delinquencies during the relevant time period, in liquidated damages and $4,911.43 in accrued interest as of May 2, 2006, calculated based on the rate prescribed by § 6621 of the Internal Revenue Code. Since the suit was filed, plaintiffs have incurred $5,088.05 in attorneys' fees and costs to prosecute this action.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

3

Plaintiffs bring their claims pursuant to §§ 502 and 515 of ERISA and § 301 of the LMRA to collect unpaid fringe-benefit contributions and union dues, as well as damages arising from the failure to timely pay such amounts.  Defendant filed no suggestions in opposition to the Motion, accordingly the facts as stated in plaintiff's Motion are deemed admitted.  "All facts set forth in the statement of the movant shall be deemed admitted for the purposes of summary judgment unless specifically controverted by the opposing party."  W.D. Mo. Local Rule 56.1(a).

## IV. CONCLUSION

Accordingly, plaintiffs' Motion for Summary Judgment is hereby **GRANTED** (Doc. # 9) and judgment is entered for plaintiffs and against Myco Construction Company. Plaintiffs are hereby awarded damages as follows, based on work performed under the relevant collective bargaining agreement on or before September 30, 2005, principal in the amount of $51,817.59; $11,375.61 in liquidated damages, $4,911.43 in accrued interest as of May 2, 2006 and $5,088.05 in attorney's fees and costs incurred through May 8, 2006.  Interest will continue to accrue on the outstanding balances after May 2, 2006 at the statutory post-judgment rate.

Date:  August 24, 2006         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri       Fernando J. Gaitan, Jr.
      United States District Judge

4